Coring, J.,
delivered the opinion of the Court.
The facts of the case are that the people of the Territory of Kansas, by their representatives assembled in convention at Wyandott on the 29th of July, 1859, formed a constitution and State government, which was accepted and ratified by the people of Kansas on the 4th of Oetobér, 1859. Under that constitution Kansas applied to be admitted as a'State of the Union on the 10th of February, 1860, and was admitted by act of Congress January 29, 1861. (12 ü. S. L., 126.)
The petitioner was elected a representative in Congress from Kansas, December 6, 1859, and he attended at Washington, urging and awaiting the admission of Kansas, from February 10, I860, during the first session of the 36th Congress and again during the second session of that Congress until the 4th of February, 1S61, when he took his seat in the House of Representatives, and served until March 4, 1861, or for the residue of that session.
His actual service was thus one month of the second session, and he has been paid for that service $250, and as mileage for said second session $1,273 60. He claims that he is entitled to full pay, i. e., $6,000, for the 36th Congress, and mileage for both sessions, less the sums he has received. His first ground of claim is that Kansas should have been admitted when she applied for admission, (February 10, I860,) and that the action of Congress in that respect should not affect his legal rights, by which his title, when confirmed, related back and covered the whole of the session for which he was elected to be representative in Congress.
We think the claim cannot be supported. His compensation and *69 his mileage belong to his office of representative of the State of Kansas in the Congress of the United States, and, until Kansas was a member of the Union, she could not have a representative in Congress.
When a State, already in the Union, elects a representative, the person elected has therefrom a vested right of membership, and the action of Congress passing upon his election only ascertains the right vested by and from the election. But in the case of the petitioner, his right of membership was not vested by his election, for then Kansas was not a State of the Union, and the inception of his title was on her admission, and no doctrine of relation can carry his title further back than hers, and make him a representative of the State of Kansas in Congress before Kansas was entitled to such representative.
Then, the petitioner cites the words of the act of August 16, 1856, (11 Stat., 48,) “ That the compensation of each senator, representative, and delegate in Congress shall be six thousand dollars for each Congress, and mileage as now provided by lawand then adding the remark, “ It will be observed this act awards $6,000 for each Congress, and not #3,000 for each session of Congress,” he claims on the words cited “his whole legal compensation of #6,000.” But the act and section, after stating the entire compensation for an entire Congress, prescribes that payments shall be made at the rate of three thousand dollars, annually, in each session, by monthly instalments; and, in further exposition of this apportionment of compensation, the act of December 23,1857, which is in amendment of the act of August 16, 1856, enacts that the compensation allowed by that act to members of Congress, “ shall be paid in the following manner, to wit: on the first day of the first session of each Congress, or as soon thereafter as he may be in attendance and apply, each senator, representative, and delegate shall receive his mileage as now provided by law, and all his compensation from the beginning of his term, to be computed at the rate of two hundred and fifty dollars per month, and during the session, compensation at the same rate; and on the first day of the second or any subsequent session he shall receive his mileage as now allowed by law, and all compensation which has accrued during the adjournment, at the rate aforesaid, and during said session, compensation at the same rate.”
By these acts collated each session has its separate mileage, and the compensation for service accrues, as it is to be computed, in monthly instalments.
Mr. F. P. Stanton for the claimant.
Mr. J. B. Kekr, Deputy Solicitor, for the government.
The petitioner has been so paid. He has received his mileage for one session, and compensation for his service “ computed at the rate of two hundred and fifty dollars per month,” as the act prescribes, and we think he is entited to no more.
Hughes, J., dissents.
Peck, J., did not hear the argument, and takes no part in the decision of the case.